[No. G010745. Fourth Dist., Div. Three. Feb. 28, 1992.]

In re ROGER S., a Person Coming Under the Juvenile Court Law.
ORANGE COUNTY SOCIAL SERVICES AGENCY, Plaintiff and
Respondent, v.
ROGER S., Defendant and Appellant.

**COUNSEL**

Steven A. Schutte, under appointment by the Court of Appeal, for Defendant and Appellant.

Terry C. Andrus, County Counsel, and Michelle Ben-Hur, Deputy County Counsel, for Plaintiff and Respondent.

Theodore S. Goodwin, under appointment by the Court of Appeal, for Minor.

## OPINION

**WALLIN, J.**—Roger S. appeals from the juvenile court order terminating jurisdiction over his son, also named Roger, ordering the previously existing monitored visitation arrangement to remain in effect, and directing the order to be filed in the existing superior court file dealing with the parents' dissolution of marriage. He claims the court improperly refused to hear evidence regarding proposed modifications of the existing orders, instead limiting the hearing solely to the need for continuing jurisdiction. We find the contentions meritorious and reverse.

I

Roger S. and Rhonda C. are the parents of Roger, who was born in August 1985. Roger S. was in a car accident in 1984 and suffered head injuries, resulting in violent and erratic behavior requiring hospitalization and treatment. This situation led to the parents' separation and eventual divorce in 1987.

After the divorce, the parties bitterly disputed the father's visitation rights. The family court ordered monitored visits due to the father's mental condition and potential risk to the child. The parties were unable to afford a paid monitor, however, so the visits were attended by two unpaid relatives, one chosen by each party. The case was referred to juvenile court in October 1988 after the monitor chosen by the mother reported the father used "excessive and inappropriate corporal punishment" and attempted sexual abuse of the child during visits.

A petition to declare the child a dependent of the juvenile court was filed under Welfare and Institutions Code section 300, subdivisions (a) and (d),[1] alleging physical and sexual abuse. The court subsequently dismissed those counts, pursuant to the parties' stipulation, and in January 1989 found jurisdiction was established under section 300, subdivision (c), based on the infliction of serious emotional damage. Custody of the child was ordered to remain with the mother, and the parties were ordered to submit to psychological evaluations by the court evaluation and guidance unit and to comply with the monitored visitation schedule.

For the next two years, the parties were supervised by the social services agency (the agency). The case underwent periodic reviews and the father's visitation schedule varied according to the progress made. Case workers and assistant case workers monitored the father's visits.

---

[1]All statutory references are to the Welfare and Institutions Code unless otherwise specified.

In February 1991, the court held a six-month review hearing to consider the agency's recommendation that jurisdiction be terminated with the existing visitation order to remain in effect. The father sought to present evidence to support a change in the visitation orders, but the court, relying on *In re Elaine E.* (1990) 221 Cal.App.3d 809 [270 Cal.Rptr. 489], limited the review hearing to whether conditions for continuing supervision existed, and ruled any evidence regarding a change in visitation would have to be introduced by a motion to modify an existing order under section 388. The father attempted to make an oral motion to modify, but the court refused to hear it, pointing out that section 388 requires a verified petition.

The case worker testified she recommended termination of jurisdiction on the conditions that the father's visitation continue to be monitored and the parents continue to participate in the PACT program.[2] She recommended the court's order provide that the parents were to continue PACT services and share the cost of a monitor and specifically set out the frequency and duration of the father's visitation.

The father sought to present four witnesses: the father's psychiatrist, a case worker and an assistant case worker who had had previous responsibility for the case and had monitored visits, and the father himself. These witnesses were prepared to testify the visits between father and child were appropriate and should be increased, the child suffered no harm emotionally while in the father's care, the father's mental condition was completely under control and the child's emotional problems relating to visitation were a result of the mother's behavior, not the father's. The court ruled the father was precluded from presenting evidence as to the visitation schedule by *In re Elaine E., supra,* 221 Cal.App.3d 809.

The court indicated its desire to include a provision in the visitation order giving the child's therapist the discretion to increase the duration of the visits. After being reminded of the restrictions of *Elaine E.,* however, the court retreated from that position and adopted "exactly, without alteration," the visitation schedule that was ordered in July 1990. Accordingly, the court terminated jurisdiction over the child and limited the father to visitation every other week for one to two hours to be monitored by someone from the agency.

---

[2]The case worker explained: "[PACT] stands for 'Parents and Children Together.' It is a unit of social services under the family unit program to coordinate the family and provide education where the children are residing with one of the parents. . . . It is to coordinate individual therapy, rather than to have the child and each of the parents seeing separate therapists and agencies somewhere in the community."

## II

The father contends the trial court had the power, under sections 364 and 362.4, to receive evidence regarding an appropriate visitation order and its failure to do so was error. We agree and reverse.

When the juvenile court took jurisdiction over the child in this case, it ordered the mother to retain custody subject to the supervision of the agency. When custody of a dependent child has not been removed from the parent, the case is subject to court review at six-month intervals under section 364. That section provides: "(c) After hearing any evidence presented by the probation officer, the parent, the guardian, or the minor, the court shall determine whether continued supervision is necessary. The court shall terminate its jurisdiction unless the probation department establishes by a preponderance of evidence that the conditions still exist which would justify initial assumption of jurisdiction under Section 300, or that such conditions are likely to exist if supervision is withdrawn. . . ." The agency argues, based on *Elaine E.*, that section 364 directs the court to focus exclusively on the question of whether continued supervision is necessary and precludes the court from taking evidence on visitation orders.

*In re Elaine E., supra,* 221 Cal.App.3d 809, is factually similar to this case. The minor children were adjudged dependents of the juvenile court concurrently with the parents' dissolution action, and custody was given to the mother. The father's visits were supervised during the four years of juvenile court jurisdiction. At what became the final review hearing, the social worker recommended continued jurisdiction with unsupervised visitation; the trial court, however, informed the parties it intended to terminate jurisdiction and transfer the existing visitation orders to the family court. The trial court refused the father's proffered evidence supporting an unsupervised visitation order because he had failed to make a showing of changed circumstances required to modify an existing visitation order under section 388.[3]

The court affirmed, holding section 364, "[b]y its very terms . . . limits the [trial] court's inquiry to whether the conditions for continuing supervision exist." (221 Cal.App.3d at p. 814.) It held the only vehicle for a

---

[3]Section 388 provides, "Any parent or other person having an interest in a . . . dependent child of the juvenile court . . . may, upon grounds of change of circumstance or new evidence, petition the court in the same action in which the child was found to be a dependent . . . for a hearing to change, modify, or set aside any order of court previously made or to terminate the jurisdiction of the court. The petition shall be verified and . . . shall set forth in concise language any change of circumstance or new evidence which are alleged to require such change . . . . [¶] If it appears that the best interests of the child may be promoted by the proposed change . . . , the court shall order that a hearing be held . . . ."

noncustodial parent to modify an existing order was a petition to modify under section 388.

We think, however, when making an order to be transferred to the family court, the juvenile court has the power to hear evidence relevant to that order under section 362.4, which the *Elaine E.* court did not discuss. When the juvenile court terminates its jurisdiction over a dependent child, section 362.4 authorizes it to make custody and visitation orders that will be transferred to an existing family court file and remain in effect until modified or terminated by the superior court.[4] As section 362.4 gives the juvenile court power to fashion termination orders, it makes no sense to interpret section 364 to preclude the court from considering evidence relevant to that task. To the extent *Elaine E.* implies that a trial court cannot receive evidence concerning visitation under section 362.4, we decline to follow it.

Section 388, on the other hand, is a general provision to be used by any interested party when circumstances merit an examination of the orders affecting a dependent child other than the periodic reviews prescribed by statute; if the petition is sufficiently compelling, the court is empowered to set an immediate hearing on the matter. In this case, however, the trial court had the parties before it for the specific purpose of assessing progress and determining whether judicial intervention could be withdrawn. Having decided to terminate jurisdiction, the court chose to exercise its power to make a termination order. It erred, however, in refusing to consider the father's evidence on visitation, closing its eyes to the recommendations of the case worker, and finding it was compelled to adopt the existing seven-month-old visitation order without change.

■ Although both the family court and the juvenile court focus on the best interests of the child, the juvenile court has a special responsibility to

---

[4]Section 362.4 provides, "When the juvenile court terminates its jurisdiction over a minor who has been adjudged a dependent child of the juvenile court prior to the minor's attainment of the age of 18 years, and proceedings for the declaration of the nullity or dissolution of the marriage, or for legal separation, of the minor's parents, or proceedings to establish the paternity of the minor child . . . , are pending in the superior court of any county, or an order has been entered with regard to the custody of that minor, the juvenile court on its own motion, may issue an order directed to either of the parents enjoining [certain actions] . . . or determining the custody of, or visitation with, the child. [¶] Any order issued pursuant to this section shall continue until modified or terminated by a subsequent order of the superior court. The order of the juvenile court shall be filed in the [superior court] proceeding . . . at the time the juvenile court terminates its jurisdiction over the minor, and shall become a part thereof. [¶] If no action is filed or pending relating to the custody of the minor in the superior court of any county, the juvenile court order may be used as the sole basis for opening a file in the superior court of the county in which the parent, who has been given custody, resides. . . ."

the child as *parens patriae* and must look at the totality of the child's circumstances. "It is one thing for a family law court to determine the best interests of the child as between two parents under title 4 of the Family Law Act (Civ. Code, § 4600 et seq.). It is quite another for a juvenile court to determine the best interests of the child in a proceeding where there is the possibility both parents could lose custody or visitation rights." (*In re Benjamin D.* (1991) 227 Cal.App.3d 1464, 1470, fn. 4 [278 Cal.Rptr. 468].) By empowering the juvenile court to issue custody and restraining orders, the Legislature has expressed its belief that "the juvenile court is the appropriate place for these matters to be determined and that the juvenile court's orders must be honored in later superior court proceedings." (Seiser, *Custody and Restraining Orders in the Juvenile Court* (Aug. 1990) Family Law NewsAlert (Cal.Ed.) 4, 8.) The trial court here, by refusing to accept evidence relevant to the visitation order, was in danger of issuing an uninformed order which could fail to serve the best interests of the child.

The judgment is reversed.

Sills, P. J., and Moore, J., concurred.