Filed 2/13/14  P. v. Arraiga CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B248001 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA096683) |
| v. | |
| KRISTOPHER JESUS ARRAIGA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Juan Carlos Dominguez, Judge.  Affirmed as modified.

Patricia J. Ulibarri, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, James William Bilderback II and Scott A. Taryle, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Kristopher Jesus Arraiga (defendant) appeals from his felony convictions, challenging the amount of the restitution fine and parole revocation fine as an unauthorized ex post facto imposition of punishment, and claiming ineffective assistance of counsel. Defendant also seeks correction of the award of presentence custody credits. We modify the award of presentence custody credits, but finding no merit to defendant's remaining contentions, we affirm the judgment.

## BACKGROUND

Defendant was charged in count 1 with attempted willful, deliberate murder with premeditation, in violation of Penal Code sections 187, subdivision (a), and 664, subdivision (a);[1] and in count 2 with aggravated mayhem in violation of section 205. The information also alleged that defendant personally inflicted great bodily injury on the victim within the meaning of section 12022.7, subdivision (a); that defendant had a prior serious felony conviction within the meaning of Penal Code section 667, subdivision (a), and the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)); and that defendant had served five prior prison terms within the meaning of section 667.5, subdivision (b).

The evidence presented at defendant's jury trial showed that he struck Juan Ramirez multiple times in the face, head, and hands with a crowbar, inflicting lacerations, a broken finger, and a ruptured eyeball. Ramirez required surgery, seven days of hospitalization, stitches, and a cast, and was left with scars and permanent blindness in one eye. The jury found defendant guilty of attempted murder and found true the allegations of premeditation and great bodily injury, but acquitted defendant of aggravated mayhem, convicting him instead of the lesser included offense of simple mayhem, in violation of section 203. Defendant waived a jury trial on the prior conviction allegations and admitted them all.

On January 31, 2013, after denying defendant's motions for new trial and to dismiss the strike conviction, the trial court sentenced defendant to a total of 26 years to

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

life in prison, as follows:  an indeterminate term of life for the attempted murder, with the minimum parole period of seven years doubled as a second strike to 14 years; a three-year great bodily injury enhancement; a five-year recidivism enhancement; and four one-year enhancements due to prior prison terms.  The court struck one of the five prior prison terms alleged.  As to count 2, the court imposed the high term of eight years, doubled as a second strike to 16 years, and stayed the term pursuant to section 654.  In addition to mandatory fees, the court imposed a restitution fine of $280 pursuant to section 1202.4, subdivision (b), and imposed a parole revocation fine in the same amount, but stayed it under section 1202.45.  Defendant was given 337 days of actual presentence custody credit and 57 days of conduct credit, for a total of 394 days.  The court ordered defendant to provide print impressions and biological samples, and reserved jurisdiction to determine victim restitution.

Defendant filed a timely notice of appeal.

## DISCUSSION

### I.  Ex post facto and restitution fine

Defendant contends that the imposition of a $280 restitution fine was unauthorized and violated the ex post facto clauses of the state and federal constitutions, as well as defendant's right to due process.

Ex post facto laws are prohibited by both the California and United States Constitutions.  (U.S. Const., art. I, § 10; Cal. Const., art. I, § 9.)  An ex post facto law is a statute that punishes as a crime an act which was not a crime when committed, or that inflicts greater punishment than permitted by the law applicable when the crime was committed.  (*Collins v. Youngblood* (1990) 497 U.S. 37, 42-43.)  Thus, an amendment that increases the punishment associated with a crime after its commission is prohibited.  (*People v. Acosta* (2009) 176 Cal.App.4th 472, 475.)  "[T]he imposition of restitution fines constitutes punishment, and therefore is subject to the proscriptions of the ex post facto clause and other constitutional provisions.  [Citations.]" (*People v. Souza* (2012) 54 Cal.4th 90, 143.)

3

Restitution fines pursuant to section 1202.4 are to be "set at the discretion of the court and commensurate with the seriousness of the offense." (§ 1202.4, subd. (b)(1).) Defendant committed his crimes in December 2011. At that time, section 1202.4, subdivision (b)(1), provided that the minimum allowable restitution fine for a felony was $200, with a permissible maximum of $10,000. (Stats. 2011, ch. 45, § 1, eff. July 1, 2011.) The minimum was raised to $240 beginning January 1, 2012, and to $280 beginning January 1, 2013, while the maximum has remained at $10,000. (Stats. 2011, ch. 358, § 1, eff. Jan. 1, 2012.)

Defendant argues that the imposition of the $280 restitution fine was a violation of the constitutional prohibition against ex post facto penalties and must be reduced to $200 to reflect the statutory minimum in effect at the time of his offense. Similarly, because the probation revocation restitution fine must match the restitution fine (§ 1202.44), he asks that this fine also be reduced to $200.

Respondent contends that defendant failed to preserve this contention with the appropriate objection in the trial court. We agree. Generally, in the interests of fairness and judicial economy, only "claims properly raised and preserved by the parties are reviewable on appeal." (*People v. Scott* (1994) 9 Cal.4th 331, 354 (*Scott*).) "'It is both unfair and inefficient to permit a claim of error on appeal that, if timely brought to the attention of the trial court, could have been easily corrected or avoided.' [Citations.]" (*People v. Earp* (1999) 20 Cal.4th 826, 882.) The forfeiture rule reaches claims that a ruling violated constitutional rights, unless the claim of error was of the kind that required no action by the defendant to preserve it, or defendant contends that errors that were properly preserved for review had the additional legal consequence of violating the Constitution. (*People v. Boyer* (2006) 38 Cal.4th 412, 441, fn. 17.) Unauthorized sentences fall into the first category. (*People v. Dotson* (1997) 16 Cal.4th 547, 554, fn. 6; *Scott, supra*, at p. 354.)

Defendant cites authority permitting the correction of an unauthorized sentence for the first time on appeal. (E.g., *People v. Walz* (2008) 160 Cal.App.4th 1364, 1369; *People v. Barnwell* (2007) 41 Cal.4th 1038, 1048, fn. 7; *People v. Saelee* (1995) 35

4

Cal.App.4th 27, 30; *People v. Zito* (1992) 8 Cal.App.4th 736, 741-742 (*Zito*).) Defendant contends that *Zito*, in particular, held that a restitution fine imposed in violation of ex post facto principles constitutes an unauthorized sentence which is not subject to forfeiture. The holding of *Zito* was not so broad, but merely held there was no forfeiture of an ex post facto violation that *resulted* in an unauthorized sentence in that case, because the penalty imposed exceeded the maximum allowed under prior law. (*Zito, supra*, at pp. 741-742; see also *People v. Valenzuela* (2009) 172 Cal.App.4th 1246, 1249-1250 [fine exceeded maximum allowed under prior law].) In general, an erroneous fine within the limits of the court's discretion under the prior statute is not jurisdictional and is thus not unauthorized. (*People v. Walz, supra*, at p. 1369.)

"[A] sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case. Appellate courts are willing to intervene in the first instance because such error is 'clear and correctable' independent of any factual issues presented by the record at sentencing. [Citation.]" (*Scott, supra*, 9 Cal.4th at p. 354.) Here, as the restitution fine imposed was well within the range specified in the version of the statute in effect at the time of defendant's offense, and as there is no indication in the record that the trial court intended to impose the minimum fine or that the court was relying on the new statute, there is no clear and correctable error without regard to the facts. Further, because setting the amount of a restitution fine was a matter of the court's discretion, $280 was a penalty that could lawfully be imposed in this case. Accordingly, a fine of $280 was not unauthorized and defendant was required to raise the issue in the trial court. As he failed to do so, the issue may not be reviewed on appeal.

## II. Assistance of counsel

Defendant contends that if the issue is deemed forfeited, his counsel provided ineffective assistance by failing to object.

The Sixth Amendment right to counsel includes the right to the effective assistance of counsel. (*Strickland v. Washington* (1984) 466 U.S. 668, 686-694 (*Strickland*); see also Cal. Const., art. I, § 15.) To obtain a reversal on the ground of ineffective assistance of counsel, the defendant must show that counsel's performance

was deficient and resulted in prejudice. (*Strickland, supra*, at pp. 688, 694; *People v. Rodrigues* (1994) 8 Cal.4th 1060, 1126.) "To prevail, defendant must overcome the strong presumption that counsel's actions were sound trial strategy under the circumstances prevailing at trial. [Citations.]" (*People v. Freeman* (1994) 8 Cal.4th 450, 498; see also *Strickland, supra*, at p. 689.)

When counsel's reasons for not objecting do not appear in the record, claims of tactical errors must be rejected "unless there simply could be no satisfactory explanation" for counsel's action or inaction, or unless "'the record on appeal affirmatively discloses that counsel had no rational tactical purpose for his act or omission.'" (*People v. Hart* (1999) 20 Cal.4th 546, 623-624; see also, *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267.) As respondent observes, it is possible that defense counsel did not want to draw undue attention to the amount of the fine, considering the victim's grievous injuries, which might have prompted the court to reconsider and impose a higher amount. Thus, it cannot be said there could be no satisfactory explanation for counsel's inaction.

Defendant dismisses respondent's observation as speculation and attempts to demonstrate the absence of a rational tactical purpose by speculating that because the trial court reserved jurisdiction to order direct victim restitution, it probably intended only to impose the minimum restitution fine "to assure the victim would be compensated from [defendant's] inmate trust fund." Defendant's argument falls short of demonstrating that the record affirmatively discloses that counsel had no rational tactical purpose for his failure to object to the fine. We must therefore reject defendant's claim of ineffective assistance of counsel. (*People v. Mendoza Tello, supra*, 15 Cal.4th at p. 266.)

### III.  Parole revocation fine

Defendant contends that because section 1202.45, subdivision (a) requires the trial court to set a parole revocation fine at the same amount as the restitution fine, the parole revocation fine imposed here must be reduced to $200, for the same reasons as set forth in his ex post facto argument. As we rejected those reasons, we also reject this contention.

6

## IV. Custody credits

Defendant contends that the trial court miscalculated his actual days in custody, which began on January 19, 2012. Both parties agree that the court should have awarded 379 actual days, not the 337 days awarded. Both parties also agree that defendant was entitled to conduct credits calculated at 15 per cent, which should have been 56 days, not the 57 days awarded, for a total award of 435 days. We thus modify the judgment accordingly.

## DISPOSITION

The judgment is modified to provide for 379 actual days of presentence custody credit, plus 56 days of conduct credit, for a total of 435 days. The trial court is directed to prepare an amended abstract of judgment reflecting the modified presentence custody credit, and to forward a copy of the amended abstract to the Department of Corrections and Rehabilitation. As so modified and in all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, J.
CHAVEZ

We concur:

_____, P. J.
BOREN

_____, J.*
FERNS

_____
* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7