Filed 11/19/21 In re Ryan M. CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| In re RYAN M. et al., Persons Coming Under the Juvenile Court Law. | B311047 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | Los Angeles County Super. Ct. Nos. 19CCJP07918A–B |
| Plaintiff and Respondent, | |
| v. | |
| LARRY M., | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Debra R. Archuleta, Judge. Reversed and remanded with directions.

Katie Curtis, under appointment by the Court of Appeal, for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel, Sally Son, Deputy County Counsel, for Plaintiff and Respondent.

## INTRODUCTION

Larry M. (father) appeals from orders entered after the dependency court terminated jurisdiction over his children. The exit orders awarded D.K. (mother) sole physical custody and allowed father only monitored visitation.[1] Father contends these orders violated his right to due process of law because they were entered by a judge who had not previously presided over the case and had failed to review the case file. We conclude the court abused its discretion and reverse.[2]

## PROCEDURAL BACKGROUND[3]

Father and mother are the parents of Aaron M. (born 2014) and Ryan M. (born 2012). Father and mother are not in a relationship, but before the dependency proceedings in this case, they shared legal and physical custody of the children.

### 1.    Initiation of Dependency Proceedings

On October 1, 2019, the Los Angeles Department of Children and Family Services (Department) received a report that six-year-old Ryan had been physically abused by his father's

---

[1] Father does not challenge the termination of dependency jurisdiction or the court's order granting him joint legal custody. Mother is not a party to this appeal.

[2] Accordingly, we do not reach the constitutional issue.

[3] Because the facts of this case are not relevant to the issue on appeal, we do not address them.

live-in girlfriend, D.T. During its investigation, the Department learned that D.T. had also hit Ryan's brother, Aaron.

On December 11, 2019, the Department filed a dependency petition on behalf of Ryan and Aaron alleging failure to protect by father and abuse of a sibling. (Welf. & Inst. Code,[4] § 300, subds. (b)(1), (j).) At the initial detention hearing on December 12, 2019, the court detained both children from father and released them to mother.

At the combined jurisdiction and disposition hearing on February 18, 2020, the court sustained the allegations in the section 300 petition and found D.T.'s physical abuse of Aaron and Ryan and father's minimization of the abuse and failure to protect them warranted dependency jurisdiction. The court declared the children dependents of the court, removed them from father, and placed them with mother. The court ordered father to attend parenting classes and individual counseling. It ordered mother to receive parenting classes and family preservation services.

2.    **Termination of Jurisdiction**

The first section 364 review hearing was held on February 10, 2021.[5] The Department had filed an interim report in which it recommended the court terminate dependency jurisdiction, award mother joint legal custody and sole physical

---

[4] All undesignated statutory references are to the Welfare and Institutions Code.

[5] The section 364 review hearing that had previously been scheduled for August 18, 2020, was continued due to court closures stemming from the Covid-19 emergency.

3

custody, and award father joint legal custody and monitored visitation.

At the hearing, a new bench officer presided over the case. Although the court noted that it had not reviewed the case file, it nevertheless terminated jurisdiction and stayed termination pending receipt of the custody exit order, to be prepared by mother's attorney.[6] The court awarded father and mother joint legal custody. Over father's objection, the court awarded mother sole physical custody and awarded father monitored visitation.

On February 17, 2021, the court signed the custody order and lifted the stay. Father filed a timely notice of appeal.

## DISCUSSION

Father contends the trial court erred by entering custodial and visitation exit orders without reviewing the case file or possessing any knowledge of the case. We agree.

### 1. Legal Principles and Standard of Review

"When a child is adjudged a dependent of the juvenile court, any issues regarding custodial rights between his or her parents shall be determined solely by the juvenile court … so long as the child remains a dependent of the juvenile court." (§ 302, subd. (c).) When the court terminates its jurisdiction, it may enter exit orders "determining the custody of, or visitation with, the child." (§ 362.4, subd. (a); *In re Roger S.* (1992) 4 Cal.App.4th 25, 30.)

Unlike family law judges, dependency judges crafting exit orders focus on the child's best interests, unconstrained by " 'any

---

[6] We discuss the termination hearing in further detail below.

4

preferences or presumptions' " about parental custody. (*In re John W.* (1996) 41 Cal.App.4th 961, 972, italics omitted.) "In juvenile dependency proceedings the child is involved in the court proceedings because he or she has been abused or neglected. … The presumption of parental fitness that underlies custody law in the family court just does not apply to dependency cases. Rather the juvenile court, which has been intimately involved in the protection of the child, is best situated to make custody determinations based on the best interests of the child without any preferences or presumptions." (*In re Jennifer R.* (1993) 14 Cal.App.4th 704, 712.)

Because juvenile courts are presumed to have been intimately involved with the family during the dependency proceedings, they are vested with broad discretion, when fashioning exit orders, to decide what would best serve and protect the child's interests—and we will not disturb an exit order unless the court abuses that discretion. (*In re I.G.* (2004) 226 Cal.App.4th 380, 386–387; *In re Roger S.*, *supra*, 4 Cal.App.4th at p. 31 ["By empowering the juvenile court to issue custody and restraining orders, the Legislature has expressed its belief that 'the juvenile court is the appropriate place for these matters to be determined and that the juvenile court's orders must be honored in later superior court proceedings.' [Citation.]"].)

" ' "[A] ruling otherwise within the trial court's power will nonetheless be set aside where it appears from the record that in issuing the ruling the court failed to exercise the discretion in it vested by law. [Citations.]" [Citation.] "Failure to exercise a discretion conferred and compelled by law constitutes a denial of a fair hearing and a deprivation of fundamental procedural

rights, and thus requires reversal. [Citations.]" [Citation.]'
[Citation.] 'The fundamental liberty interest of natural parents in
the care, custody, and management of their child[ren] does not
evaporate simply because they have not been model parents or
have lost temporary custody of their child[ren] to the State.'
[Citation.]" (*In re L.A.* (2009) 180 Cal.App.4th 413, 428; see *In re
T.C.* (2009) 173 Cal.App.4th 837, 843 [an error of law or refusal to
exercise discretion conferred by law may constitute abuse of
discretion].)

## 2.    The court abused its discretion.

The hearing at which jurisdiction was terminated in this
case was not conducted by the bench officer who had previously
presided over the dependency proceedings. Nevertheless, the new
bench officer began the hearing by admitting: "Due to technical
difficulties, I have not been able to review the case file or the
status review report that was prepared for today's date."
Notwithstanding its lack of knowledge, the court did not attempt
to learn about the parents or their history by, for example,
continuing the hearing or receiving evidence from the parties.

Instead, the court continued: "However, I believe it has
been agreed upon by and between the parties that this matter is
going to settle as follows: Jurisdiction of this court will be
terminated upon receipt of the juvenile custody order. Mother
will receive sole physical custody of the minors. Joint legal
custody to both mother and father. Father to have monitored
visits with a mutually-agreed-upon monitor or a paid professional
monitor where he bears the expense. Is that the agreement of the
parties?"

It seems the parties did not agree, because at that point,
father objected to the physical custody and visitation orders.

6

Rather than pausing to educate herself about the matter before her, however, the court instead replied, "your objection is noted for the record," then ordered jurisdiction to be terminated upon receipt of a juvenile custody order, which mother's attorney was to prepare.[7] A week later, the court entered exit orders on the stated terms. There is no evidence in the record before us that the court reviewed the case file between the hearing and the entry of the exit orders.

"'"While it is entirely proper for the court to accept stipulations of counsel that appear to have been made advisedly, and after due consideration of the facts, the court cannot surrender its duty to see that the judgment to be entered is a just one, nor is the court to act as a mere puppet in the matter." [Citation.]' [Citation.]" (*In re Elizabeth M.* (2008) 158 Cal.App.4th 1551, 1559.) Here, to the extent the court was correct that a stipulation existed,[8] because father explicitly objected to the proposed custodial and visitation orders, and the court had no knowledge of the facts of the case before it, "we must conclude the court either did not base its ruling on the stipulation, or did so improperly." (*Ibid.*)

Furthermore, even if there were a valid stipulation, the court was still required to independently determine the best interests of the children under the totality of the circumstances. (*In re Roger S.*, *supra*, 4 Cal.App.4th at pp. 30–31.) "The power to

[7] Based on father's objection to the physical custody and visitation orders, we reject the Department's forfeiture argument. In any event, as father notes, application of the forfeiture rule is not automatic in dependency cases. (See, e.g., *In re T.G.* (2013) 215 Cal.App.4th 1, 14.)

[8] The record contains no evidence of a stipulation besides the court's remarks quoted above.

determine the right and extent of visitation by a noncustodial parent in a dependency case resides with the court and may not be delegated to nonjudicial officials or private parties. [Citation.] This rule of nondelegation applies to exit orders issued when dependency jurisdiction is terminated. [Citations.]" (*In re T.H.* (2010) 190 Cal.App.4th 1119, 1123.) The court here, by failing to review the case file or otherwise learn about the matter over which it was presiding for the first time, issued uninformed orders that could fail to serve the best interests of the children. (See *Roger S.*, at p. 31.)

Regardless of what a properly-informed court might have done, the court in this case, by failing to exercise informed discretion, abused its discretion.

## DISPOSITION

The exit orders and order terminating dependency jurisdiction are reversed and the matter is remanded with directions to hold a new section 364 hearing in accordance with the views expressed in this opinion.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                 LAVIN, J.

WE CONCUR:


   EDMON, P. J.


   EGERTON, J.