Filed 11/18/22  In re J.H. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re J.H., a Person Coming Under the Juvenile Court Law. | B314364<br>(Los Angeles County<br>Super. Ct. No.<br>19CCJP06341C) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>C.G.,<br><br>　　　Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Tamara Hall, Judge.  Affirmed.

Cristina Gabrielidis, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, Acting County Counsel, Tracey Dodds, Principal Deputy County Counsel, for Plaintiff and Respondent.

## I.  INTRODUCTION

C.G. (mother) appeals from a custody and visitation order regarding her child J.H. (born in 2009), pursuant to Welfare and Institutions Code[1] section 362.4.  We affirm.

The parties are familiar with the facts and procedural history, and our opinion does not meet the criteria for publication.  (Cal. Rules of Court, rule 8.1105(c).)  We therefore resolve this appeal by memorandum opinion pursuant to Standard 8.1 of the Standards of Judicial Administration and consistent with constitutional principles (Cal. Const., art. VI, § 14 ["Decisions of the Supreme Court and courts of appeal that determine causes shall be in writing with reasons stated"]; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1263 [three-paragraph discussion of issue on appeal satisfies constitutional requirement because "an opinion is not a brief in reply to counsel's arguments. [Citation.]  In order to state the reasons, grounds, or principles upon which a decision is based, [an appellate court] need not discuss every case or fact raised by counsel in support of the parties' positions"]).

---

[1]     Further statutory references are to the Welfare and Institutions Code.

## II. DISCUSSION

Mother contends that the juvenile court abused its discretion when it issued a custody and visitation order that required her visits with the child to be monitored. "When the juvenile court terminates its jurisdiction over a dependent child, section 362.4 authorizes it to make custody and visitation orders that will be transferred to an existing family court file and remain in effect until modified or terminated by the superior court." (*In re Roger S.* (1992) 4 Cal.App.4th 25, 30, fn. omitted.) We review a section 362.4 exit order for abuse of discretion. (*In re M.R.* (2017) 7 Cal.App.5th 886, 902.)

According to mother, unmonitored visits would pose no harm to the child so long as the child's stepfather was precluded from being present. We disagree. Mother pleaded no contest to a section 300 petition alleging that on August 9, 2019, she struck the child's face, and on prior occasions, she and the stepfather struck the child on his mouth, the back of his head, and his forehead with an open hand. Further, even after she completed her case plan, which included parenting classes and therapy, mother continued to pose a risk of harm to the child as demonstrated by the juvenile court's sustaining of a section 342 petition that alleged mother physically abused the child by striking the child with a belt. The court also found that on prior occasions, mother had pulled the child's hair, slapped the child's head, and forced the child to do an excessive number of push-ups as a form of discipline. The court's observation that mother had failed to develop any insight into her behavior was well supported by the record and we find no abuse of discretion in the court's ordering of monitored visitation.

3

## III.  DISPOSITION

The custody and visitation order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

RUBIN, P. J.

BAKER, J.

4