Filed 5/31/23  In re T.M. CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re T.M., a Person Coming Under the Juvenile Court Law. | |
| HUMBOLDT COUNTY DEPARTMENT OF HUMAN HEALTH AND SERVICES,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>D.M.,<br><br>        Defendant and Appellant. | A165709<br><br>(Humboldt County Super. Ct. No. JV170099) |

Damian M. (father) appeals from a dispositional order on a Welfare & Institutions Code[1] section 387 petition removing his child, 9-year-old Tamarin M., from his custody, and then terminating the court's jurisdiction with a grant of sole physical and legal custody to Tamarin M.'s mother and bi-monthly visitation for father.  (§§ 387, 361, 362.4.)  Father argues that substantial evidence does not support the removal order, and the court abused its discretion in making the custody and visitation order.  We affirm.

---

[1] All further references are to the Welfare & Institutions Code unless otherwise specified.

1

The parties are familiar with the facts and lengthy procedural history of this case, and our opinion does not meet the criteria for publication. (Cal. Rules of Court, rule 8.1105(c).) We therefore resolve this appeal by memorandum opinion pursuant to Standard 8.1 of the Standards of Judicial Administration and consistent with constitutional principles (Cal. Const., art. VI, § 14 ["Decisions of the Supreme Court and courts of appeal that determine causes shall be in writing with reasons stated"]; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1263 [three-paragraph discussion of issue on appeal satisfies constitutional requirement because "an opinion is not a brief in reply to counsel's arguments. [Citation.] In order to state the reasons, grounds, or principles upon which a decision is based, [an appellate court] need not discuss every case or fact raised by counsel in support of the parties' positions"]).

## DISCUSSION

### *The Removal Findings*

Father first challenges the dispositional order removing Tamarin M., arguing there was insufficient evidence supporting the court's findings of substantial danger to the minor if she were returned home and no reasonable means to protect her without removal. Where removal from a parent is at issue, the court must make removal findings under section 361, subdivision (c)—that is, the court must find, by clear and convincing evidence, that "[t]here is or would be a substantial danger to the physical health, safety, protection, or physical or emotional well-being of the [child] if the [child] were returned home," that there are no reasonable means short of removal to protect the minor, and that the Department made reasonable efforts to avoid

2

removal.[2]  (§ 361, subd. (c)(1).)  We review the court's removal findings for substantial evidence.  (*In re I.R.* (2021) 61 Cal.App.5th 510, 520.)

The court's findings were properly supported.  This dependency commenced in 2017 because of father's arrest for public intoxication and child endangerment.  The minor was removed from his custody again in 2020 after he drove with her while intoxicated and without a driver's license.  Father has a history of arrests related to intoxication, and the Department filed the most recent section 387 petition because, despite a court order to abstain from alcohol, father twice tested positive for alcohol and failed to pick up Tamarin M. at a custody exchange.  The section 387 disposition report revealed that father's attendance at his substance abuse use disorder program was sporadic.  Although he eventually completed the program on June 1, 2022, only six days later, father was again arrested for drunk driving.  This evidence was more than sufficient for the juvenile court to find, by clear and convincing evidence, that father's continued abuse of alcohol placed Tamarin M. at substantial risk of harm, and there were no reasonable means short of removal to protect her.

### The Custody and Visitation Determinations

Father also contends that the juvenile court abused its discretion when it awarded sole physical and legal custody to mother, with bi-monthly visitation for father.  "When the juvenile court terminates its jurisdiction over a dependent child, section 362.4 authorizes it to make custody and visitation orders that will be transferred to an existing

---

[2] Over the course of this dependency, father received family reunification services and family maintenance services.  He does not claim in his opening brief that he was not offered reasonable services.

3

family court file and remain in effect until modified or terminated by the superior court." (*In re Roger S.* (1992) 4 Cal.App.4th 25, 30, fn. omitted.) We review the juvenile court's section 362.4 exit order for abuse of discretion. (*In re M.R.* (2017) 7 Cal.App.5th 886, 902.)

Father argues mother's history is very turbulent and presents significant risk to Tamarin M., particularly without third-party supervision or accountability to father, but he fails to show an abuse of discretion. Mother's conduct led to the court sustaining a section 342 petition in 2017, and, in 2019, Tamarin M. was removed from mother's custody after she was arrested for driving drunk with Tamarin M. in the car. However, in 2020, the court ordered the resumption of shared custody, and mother retained custody from that time forward. The section 387 disposition report stated that mother was compliant with her case plan, and the Department did not observe any signs of drug or alcohol usage. The Department also opined that mother was willing and able to protect her child and meet her basic needs for safety and stability. Father also did not raise concerns about Tamarin M.'s safety with mother at the final dispositional hearing.

Father, on the other hand, engaged in significant alcohol abuse as described above, and he acknowledges his numerous relapses. He points out that the visitation supervisor did not observe him to be under the influence in his March and April 2022 visits, but mother reported that Tamarin M. smelled alcohol on father's breath at one visit. Notably, father was arrested for drunk driving again on June 7, 2022. From August 2021 to January 2022, while in father's care, Tamarin M. was also absent or tardy on 16 days from school. After her most recent detention, supervised visitation was set for father at twice

4

a week for two hours, but he missed two of ten visits. Tamarin M. told the social worker in March 2022 that she " 'like[d how things are right now,' being home with her mother and having visits with her father," and she preferred things stay like that for a while. Finally, the Department was concerned about the parents' contentious relationship and their ability to coparent, despite the rendition of services, and father was not engaging in coparenting counseling.

The foregoing evidence supports the juvenile court's determination that father's retention of physical custody and participation in making important decisions about Tamarin M.'s welfare would not be in her best interests. It is also sufficient to support the court's visitation order for eight hours of supervised visitation every other Sunday. Father fails to establish that the juvenile court " ' "exceeded the limits of legal discretion by making an arbitrary, capricious, or patently absurd determination." ' " (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318.)

## DISPOSITION

The juvenile court's order is affirmed.

BROWN, P. J.

WE CONCUR:

GOLDMAN, J.
FINEMAN, J.*
*In re T.M.* (A165709)

---

* Judge of the Superior Court of California, County of San Mateo, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5