169 Cal.App.4th 1353 (2008)
In re KENNETH S., JR., et al., Persons Coming Under the Juvenile Court Law.
SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, Plaintiff and Respondent,
v.
KENNETH S., Defendant and Appellant.
No. D053130.
Court of Appeals of California, Fourth District, Division One.
December 10, 2008.
*1355 Konrad S. Lee, under appointment by the Court of Appeal, for Defendant and Appellant.
John J. Sansone, County Counsel, John E. Philips, Chief Deputy County Counsel, and Patrice Plattner-Grainger, Deputy County Counsel, for Plaintiff and Respondent.
Suzanne F. Evans, under appointment by the Court of Appeal, for Minors.

OPINION
McDONALD, J.
Kenneth S. appeals an order dismissing without an evidentiary hearing his petition to modify visitation orders under Welfare and Institutions Code section 388.[1] He contends the court erred by determining the juvenile court was no longer the proper venue to litigate visitation. We reverse.

FACTUAL AND PROCEDURAL BACKGROUND
Kenneth is the father of Kenneth S., Jr., born in May 2002, and William B., born in July 2004 (together children). The early history of the case is detailed in In re William S. (July 12, 2007, D050062) [nonpub. opn.] (William S.), and we summarize those facts here.
In March 2005 the court adjudicated the children dependents because of domestic violence and unsafe home conditions. The court ordered a plan of *1356 reunification services for Kenneth[2] and later placed the children with their paternal uncle, Richard S. In November the court placed the children in Kenneth's care under a plan of family maintenance services. Kenneth displayed unstable, explosive and irrational behavior and in January 2006, the court removed the children from his care. At the 12-month review hearing, the court terminated reunification services and set a section 366.26 hearing. The San Diego County Health and Human Services Agency (Agency) recommended for the children a permanent plan of guardianship with Richard.
Kenneth threatened Richard and other family members. In October 2006 Richard obtained a restraining order against Kenneth in superior court, effective to October 11, 2011. In December the court ordered a permanent plan of guardianship and directed that visitation between Kenneth and the children be supervised as approved by the family court. The court terminated dependency jurisdiction.
On June 29, 2007, Kenneth filed a petition under section 388 (petition). Kenneth alleged as changed circumstances that he could not afford professionally supervised visitation services. He asked the court to reinstate dependency jurisdiction, reappoint counsel for all parties and order unsupervised visitation as arranged between Kenneth and Richard. Alternatively, Kenneth asked the court to refer the matter to family court mediation services to assist the family in setting appropriate visitation conditions. He stated the children's best interests would be served by creating a financially realistic and appropriate visitation plan.
The court found the best interests of the children may be promoted by the requested new order and the petition stated a change of circumstance or new evidence. The court set a hearing on the petition for July 19, 2007. On that date, without objection, the court reinstated the dependency case and appointed counsel for the parties. Because the Agency did not have active dependency cases for the children, the court continued the hearing to allow further investigation.
On August 29, 2007, the court continued the section 388 hearing to December 5. The court found Richard did not want to vacate the superior court restraining order. Kenneth stated he did not intend to disturb the restraining order but sought a better way to facilitate visitation. On December 5 the court set a contested hearing on the petition, trailed by a postpermanency review hearing.
*1357 After several continuances, the section 388 hearing was held April 17, 2008. Citing In re John W. (1996) 41 Cal.App.4th 961 [48 Cal.Rptr.2d 899] (John W.) and William S., the Agency argued that because dependency jurisdiction had been terminated, the family court was the appropriate forum in which to litigate visitation orders. In response, Kenneth asserted the juvenile court had reinstated jurisdiction and accepted the petition, and the hearing should proceed on the merits. Minors' counsel asserted that because of the superior court restraining order, the dependency court could not offer effective relief. She asked the court not to hear the petition and to terminate dependency jurisdiction.
The court found the family court was the appropriate venue to modify the prior visitation orders. The court dismissed the petition and terminated dependency jurisdiction.

DISCUSSION

A
Kenneth contends the petition stated a prima facie case and the court was required to hold an evidentiary hearing on his request for a modified visitation order. He asserts the court erred when it did not hold a hearing on the merits and dismissed the petition. Kenneth argues John W. did not apply here because the dependency court reinstated its jurisdiction.
The Agency agrees with Kenneth's contention that the court erred when it determined the family court was the appropriate forum to litigate visitation. The Agency acknowledges the juvenile court retains jurisdiction over guardianships established through dependency proceedings (dependency guardianships). The Agency asserts, however, that any error was harmless because the petition did not state a prima facie case and therefore the court was not required to hold an evidentiary hearing on the merits.
Minors' counsel joins the Agency's arguments.

B
The parties now agree the juvenile court erred when it found the family court was the proper venue to hear Kenneth's request to modify the prior visitation order.[3] The Agency contends case law concerning family court jurisdiction after termination of dependency jurisdiction applies to custody issues arising between two parents, and not issues arising from dependency *1358 guardianships. (§ 362.4; see, e.g., In re Chantal S. (1996) 13 Cal.4th 196, 201-202 [51 Cal.Rptr.2d 866, 913 P.2d 1075]; John W., supra, 41 Cal.App.4th at p. 975; In re Brison C. (2000) 81 Cal.App.4th 1373, 1382 [97 Cal.Rptr.2d 746].) The parties assert the juvenile court is the proper venue to modify visitation orders entered as part of a dependency guardianship.
(1) When a legal guardianship is established for a child, the court shall make an order for visitation with the parents unless it finds by a preponderance of the evidence the visitation would be detrimental to the physical or emotional well-being of the child. (§ 366.26, subd. (c)(4)(C).) After a guardian is appointed, the juvenile court may continue jurisdiction over the child as a dependent of the court. Alternatively, the court may terminate dependency jurisdiction. (§ 366.3, subd. (a); Cal. Rules of Court, rule 5.735.)[4] If dependency jurisdiction is terminated, the court retains jurisdiction over the child as a ward of the court as authorized by section 366.4 (§ 366.3, subd. (a)), but it no longer holds ongoing review hearings.[5] (In re K.D. (2004) 124 Cal.App.4th 1013, 1019 [21 Cal.Rptr.3d 711].) In either situation, if a problem develops, the parent has access to the juvenile court. (Rules 5.740(c), 5.570 [use of § 388 petition mandated]; cf. In re Twighla T. (1992) 4 Cal.App.4th 799, 806 [5 Cal.Rptr.2d 752] [although dependency jurisdiction had been dismissed, the parent had access to the juvenile court "through the court's jurisdiction over the guardianship itself"].)
(2) In contrast to dependency guardianships, if a parent retains or regains custody of a dependent child, the juvenile court may terminate its jurisdiction and issue custody, visitation or protective orders (exit orders). Exit orders become a part of any proceeding between the child's parents for paternity, nullity, dissolution or legal separation in superior court. (§ 362.4.) "[S]ection 362.4 expressly contemplates that the family court may modify the juvenile court's visitation order." (In re Chantal S., supra, 13 Cal.4th at p. 213; see also John W., supra, 41 Cal.App.4th at pp. 975-976.)
Here the court established a legal guardianship for the children under section 366.26. It directed that visitation between Kenneth and the children be supervised as approved by the family court, and terminated dependency jurisdiction.[6] On June 29, 2007, Kenneth filed a petition to reinstate dependency jurisdiction and modify the prior visitation order as authorized by rule *1359 and statute. (Rules 5.740(c), 5.570; § 388.) The court (the Hon. Joe O. Littlejohn) determined the petition stated a prima facie case and set the matter for hearing. On July 19 the court (the Hon. William E. Lehnhardt) reinstated the dependency case,[7] appointed counsel for the parties and continued the evidentiary hearing to allow the Agency to reopen the children's dependency cases and conduct an investigation.
(3) On April 17, 2008, the court (the Hon. Elva R. Soper) determined the family court was the proper venue to modify the prior visitation orders, dismissed the petition, told "[Kenneth's attorney] to address this issue to family court" and terminated jurisdiction. Despite the singularities of this case, the court should have proceeded to an evidentiary hearing on the merits of the petition, as previously ordered. (§§ 366.3, 388; rules 5.740(c), 5.570.) Because the juvenile court had established a guardianship for the children, it did not have the authority to terminate its jurisdiction over the dependent children and refer the matter to family court. (§§ 362.4, 366.3.)

C
The Agency asserts the error was harmless. It argues the petition did not state a prima facie case; therefore it was not reasonably probable the result would have been more favorable to Kenneth absent the error. (Cal. Const., art. VI, § 13; In re Celine R. (2003) 31 Cal.4th 45, 60 [1 Cal.Rptr.3d 432, 71 P.3d 787]; People v. Watson (1956) 46 Cal.2d 818, 836 [299 P.2d 243].)
The Agency disregards the court's initial determination that the petition stated a prima facie case sufficient to require an evidentiary hearing on the merits. Further, at the April 17, 2008, hearing, the court did not review the sufficiency of the petition; rather it dismissed the petition without holding a hearing.
(4) When the court has determined the petition states a prima facie case, it is required to hold an evidentiary hearing. (§ 388, subd. (c); In re Hashem H. (1996) 45 Cal.App.4th 1791, 1800 [53 Cal.Rptr.2d 294] [where there was an adequate prima facie showing of changed circumstances under § 388, the court denied appellant's due process right to a full and fair hearing on the *1360 merits when it did not hold a hearing on the petition].) We conclude the error merits reversal. (In re Aljamie D. (2000) 84 Cal.App.4th 424, 433 [100 Cal.Rptr.2d 811] [failure to provide parent an evidentiary hearing on her modification petition was not harmless error].)

DISPOSITION
The order dismissing the section 388 modification petition is reversed. We necessarily reverse the order dismissing dependency jurisdiction. The matter is remanded to the juvenile court with directions to hold an evidentiary hearing on Kenneth's request to modify the prior visitation order.
Benke, Acting P. J., and Nares, J., concurred.
NOTES
[1] Further references are to the Welfare and Institutions Code unless otherwise specified.
[2] The children's mother waived her right to reunification services and did not participate in the dependency proceedings.
[3] The Agency took a different position at the April 17, 2008, hearing.
[4] Further rule references are to the California Rules of Court.
[5] If a relative of the child is appointed the legal guardian of the child and, as here, the child has been placed with the relative for at least 12 months, the court shall, except if the relative guardian objects, or upon a finding of exceptional circumstances, terminate its dependency jurisdiction and retain jurisdiction over the child as a ward of the guardianship, as authorized by section 366.4. (§ 366.3, subd. (a).)
[6] In his earlier appeal, Kenneth challenged the section 366.26 orders limiting visitation and terminating dependency jurisdiction. This court affirmed the visitation order but deemed the jurisdictional issue abandoned on appeal. (William S., supra, D050062.) Citing In re Chantal S., supra, 13 Cal.4th at pages 203, 213, this court noted the family court has jurisdiction to modify and enforce a juvenile court visitation order after dependency jurisdiction is terminated. (William S., supra, D050062.) On July 19, 2007, the juvenile court reinstated dependency jurisdiction, thus superseding its prior order for family court supervision of Kenneth's visitation with the children.
[7] See section 366.26, subdivisions (b) and (c) (describing circumstances in which the juvenile court may vacate its previous order dismissing dependency jurisdiction).