Filed 9/30/13  In re N.T. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Siskiyou)

----

| | |
|---|---|
| In re N.T., a Person Coming Under the Juvenile Court Law. | |
| SISKIYOU COUNTY HUMAN SERVICES DEPARTMENT, | C073406 |
| Plaintiff and Respondent, | (Super. Ct. No. SCSCJVSQ115001903) |
| v. | |
| M.T., | |
| Defendant and Appellant. | |

Marilyn T., mother of the minor, appeals from the juvenile court's order summarily denying her petition for modification/enforcement of the guardianship visitation order.  (Welf. & Inst. Code, §§ 388, 395.)[1]  Mother contends the juvenile court abused its discretion in summarily denying the petition because it was the sole means for enforcing the court's visitation order.  We reverse.

---

[1]     Undesignated statutory references are to the Welfare and Institutions Code.

1

## FACTS

The Siskiyou County Human Services Agency (Agency) filed a petition to remove the minor from parental custody in August 2001 due to mother's erratic conduct. The juvenile court terminated reunification services in February 2004 and placed the minor in long-term foster care until the court changed the permanent plan to guardianship in August 2008. The court reinstated the dependency in September 2011 and returned the minor to mother under a family maintenance plan. By December 2011, the minor felt he needed to run away to be safe and mother felt she needed additional support services. The court removed the 16-year-old minor from mother and placed him in foster care in Redding, California where he is doing well and has re-engaged in therapy. Mother resides in Montague, California, approximately 100 miles north of Redding, California.[2]

Mother had weekly visitation pending the section 366.26 hearing to select a permanent plan for the minor. The report described the visits as "not . . . successful" and visits did not occur because either mother or the minor did not like the arrangements. The minor did not trust mother to behave appropriately and did not want to get in a car with her for visits because if mother started screaming or getting angry he wanted to be able to walk away. Mother did not want to visit the minor at the foster home. Mother believed the foster parents and/or the Agency were manipulating the minor to avoid visiting her. The Agency had tried to provide visitation in Redding many times with little cooperation from mother. Mother made erratic and conflicting demands, i.e., wanting to relinquish parental rights so the minor could be adopted by his caretakers but not agreeing to guardianship; wanting the minor transported to Yreka for joint counseling in place of visits; and wanting unsupervised visits but not going when a visit was scheduled.

---

[2]     On our own motion, we take judicial notice of the geographic location of the two towns, i.e. Montague, near Yreka, in Siskiyou County and Redding in Shasta County. (Evid. Code, §§ 452, 459.)

The minor was assessed as not adoptable, in part, because he and his caretakers believed that guardianship was the better choice. The current caretakers were one of the minor's foster placements prior to his return home.

At the section 366.26 hearing in May 2012, the court adopted the recommended permanent plan of guardianship with the minor's current caretakers. The court ordered visitation at a minimum of once a month with the time and place for the visits to be mutually agreed on by mother, the minor, and the guardians. The court terminated dependency jurisdiction. Mother was not present at the hearing and no one objected to the visitation order.

Mother appealed the orders entered at the section 366.26 hearing. The appeal was dismissed pursuant to *In re Phoenix H.* (2009) 47 Cal.4th 835.

On January 8, 2013, mother filed a petition for modification on form JV-180 seeking a bonding study and to have visits determined by "Yreka BHS or like appropriate agent." Mother alleged as changed circumstances: "The guardians have presented numerous excuses to circumvent dates mother has proposed for visitation and now, joined by [the minor], openly refuse visitation NONE of which have occurred since reasonable visitation ordered May 2012." Mother also alleged visitation was in the minor's best interests. The court denied the requested modification on January 14, 2013, citing failure to state new evidence or a change of circumstances.

On January 28, 2013, mother filed a second petition for modification on form JV-180. Although identifying the order to be modified as the order denying the prior petition, mother actually sought enforcement of the prior visitation order. In the portion of the form where the petitioner is to allege changed circumstances, mother again stated there had been a complete lack of visitation which had been ordered to occur "at least once per month." Mother also alleged visits would be in the best interest of the minor, who is approaching majority. The court denied the petition for modification on

3

January 30, 2013, on the grounds that the request did not state new evidence or a change of circumstances. Mother appealed.

DISCUSSION

Mother argues that the juvenile court abused its discretion in denying her petition for modification because that is the required procedure to seek enforcement of visitation orders. The Agency does not oppose reversal in light of the limited record.

When the juvenile court selects guardianship as a permanent plan it must also make an order for visitation unless the court finds that visitation would be detrimental to the minor. (§ 366.26, subd. (c)(4)(C).) Even when the dependency is terminated after issuance of letters of guardianship, the court retains jurisdiction over the guardianship.[3] (*In re Kenneth S., Jr.* (2008) 169 Cal.App.4th 1353, 1358; *In re D.R.* (2007) 155 Cal.App.4th 480.)

A petition "to modify or supplement orders concerning the guardianship must be filed in juvenile court." (Cal. Rules of Court, rule 5.740(c).) The procedures set forth in California Rules of Court, rule 5.570 applicable to petitions to modify pursuant to section 388 must be used and the form JV-180 must be used. (Cal. Rules of Court, rule 5.740(c).)

Mother's first petition for modification sought a bonding study and therapeutic visitation. She did not seek to *enforce* the current visitation order.

---

[3] We take judicial notice of our unpublished opinion in an earlier appeal in this case. (*In re A.T et al.* (Aug. 5, 2009, C060167) [nonpub. opn.].) At that time, mother was appealing an order selecting a permanent plan of guardianship for N.T. the first time and arguing the court abused discretion because it would no longer have the ability to enforce visitation. The opinion concluded, as we do here, that the court did retain jurisdiction to enforce visitation. We noted that applications to enforce existing visitation orders in a guardianship do not fall precisely within the provisions of California Rules of Court, rule 5.570, "however failure to comply with visitation orders could constitute a change in circumstance and, by ordering visitation, the juvenile court has already concluded visitation would be in the minor's best interest. Thus, meeting the requirements of a petition for modification should present little difficulty . . . ."

4

However, the second petition for modification did seek to enforce the current visitation order because no visits had occurred.  The allegation of lack of any visitation constitutes an adequate showing of changed circumstances or new evidence for purposes of satisfying the requirements of section 388 where the goal is not to modify the guardianship visitation order, but to enforce it.  As we noted in the prior appeal, the court has already determined that visitation is in the minor's best interests.  Appellant's second petition for modification, liberally construed in favor of its sufficiency, adequately meets the pleading requirements to entitle mother to a hearing.  (*In re Daijah T.* (2000) 83 Cal.App.4th 666, 670-672.)  The order denying the petition for modification without a hearing must be reversed.  The juvenile court must set a hearing to consider the evidence of attempts to arrange visits and determine whether to enforce visitation or take some other action, including, but not limited to, finding that further visitation would be detrimental to the minor.

## DISPOSITION

The order denying mother's petition for modification filed on January 28, 2013, is reversed.  The juvenile court is directed to hold a hearing on the petition.  The appeal is final as to this court forthwith.


                                    ROBIE          , J.


We concur:



        RAYE          , P. J.



        MURRAY          , J.


5