Filed 4/14/14In re Michael B. CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re Michael B., et al., Persons Coming Under the Juvenile Court Law. | B250269 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. CK88044) |
| Plaintiff and Respondent, | |
| v. | |
| Michael B. (Father), | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Jacqueline H. Lewis, Commissioner. Affirmed.

Judy Weissberg-Ortiz, under appointment by the Court of Appeal, for Appellant.

John F. Krattli, County Counsel, James M. Owens, Assistant County Counsel, Kimberly Roura, Deputy County Counsel for Respondent.

_____

Michael B. (father) appeals from jurisdiction and disposition orders sustaining a petition under the Welfare & Institutions Code as to father's three children and placing the children with mother. He contends there is insufficient evidence to support jurisdiction and, since the jurisdictional findings must be reversed, the dispositional orders are moot. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Deshay W. is the mother of three children by father – Michael B. (born in 2007), M.B. (born in 2010) and M.B.1 (born in 2013).[1]

The children first came to the attention of the Department of Family and Children Services in May 2011 as the result of a domestic violence referral. Only the three oldest children were involved as M.B.1 had not yet been born. On July 21, 2011, the juvenile court sustained a petition under section 300 as to all three children based on physical abuse of Michael by both parents, the parents' domestic violence in front of the children, and father's history of substance abuse. Both parents had arrest records and father had been convicted of robbery, sales of narcotics, possession of cocaine, PCP and marijuana, domestic violence and other offenses. Mother was provided with family maintenance services, and father was ordered, among other things, to participate in domestic violence and other forms of counseling, and drug testing. Father did not contact the department for the referrals, and mother stated she was not in a current relationship with father.

On August 1, 2012, the juvenile court terminated dependency jurisdiction with a family law order granting mother sole physical and legal custody over the children. (See §§ 362.4, 364, subd. (c); *In re T.H.* (2010) 190 Cal.App.4th 1119, 1122-1123; *In re Kenneth S., Jr.* (2008) 169 Cal.App.4th 1353, 1358.)

---

[1]     Mother is also the parent of a fourth child, L.W., who has a different father. Although the juvenile court proceedings involved all four children, father's appeal addresses only his three children. Mother has not appealed. Because of the similarity of names between father and the oldest child, we refer to father as father and his son as Michael. All statutory references are to the Welfare and Institutions Code.

The department next received a referral on February 19, 2013, based on an incident at school in which Michael had an anger outburst, threw a chair, and turned over a table. Four days earlier, Michael had become physically abusive with school staff. When father arrived at school, he grabbed Michael by the collar and was admonished for inappropriate behavior by school staff. Father became irate and threatened staff. No dependency petition was filed concerning that incident.

The current case was based on a referral two weeks later, on March 6, 2013, the result of mother testing positive for marijuana while in the hospital giving birth to M.B.1. M.B.1's test was negative. Mother told the social worker about previous domestic violence, that she and father were no longer in a romantic relationship (although father was the father of M.B.1), and father no longer lived in the home. Mother was generally dismissive of any drug problem, saying that a past positive screen for cocaine was due to her taking a Vicodin pill a friend gave her and being in a car with her cousin who was smoking marijuana.[2] Mother smoked marijuana nearly every day but not in front of the children. On March 9, 2013, mother obtained a medical marijuana card.

Father said he lived in the neighborhood but not with mother. He smoked marijuana and had a medical marijuana card. He acknowledged that he was subject to earlier juvenile court orders, but did nothing because the department had not contacted him.

Michael, the eldest child, gave the social worker a different version of the family dynamic. Michael said he saw father every day and that father lived in the family home. Michael reported that he had seen father slap mother on the face and punch her. He recounted regular incidents in which father pushed mother. Michael denied that father hit him or his siblings.

Following a family meeting with the social worker, the department decided not to detain the children, released them to mother and arranged for the family to receive services.

---

[2] In a subsequent report the social worker stated that, according to the testing laboratory, Vicodin would "absolutely not" show a positive drug test for cocaine.

On April 2, 2013, the department filed a section 300 petition alleging domestic violence and the parents' substance abuse. In a report filed in anticipation of the jurisdiction and disposition hearing, the department recounted the earlier referrals and the circumstances leading up to the current petition. As to the history of domestic violence, mother said she was constantly calling the police because of father's conduct. She confirmed her marijuana use but denied knowing it could hurt her unborn child. She said father at one time used cocaine powder. In a discussion with the social worker, father denied any domestic violence, saying he was "afraid to sock her." He claimed to be the victim especially after mother became intoxicated. He also denied ever threatening the staff at Michael's school. He admitted using marijuana, but not in front of the children. Father had been originally prescribed marijuana for seizures. He admitted to a history of cocaine sales but not use. Father was aware of the court ordered domestic violence classes but decided not to go because mother was intoxicated when she reported the domestic violence to the police; further, the social worker had not contacted him about the prior domestic violence orders. The department stated it could not ensure the safety of the children while in father's care because of unresolved domestic violence and marijuana issues. The department recommended family maintenance services for mother and family reunification services for father.

On May 21, 2013, the juvenile court sustained the petition, finding true the allegations concerning the parents' domestic violence (§ 300, subd. (a)), mother's current drug use and father's past drug use (§ 300, subds. (a) & (b)). The court ordered that the children remain with mother and that mother receive maintenance services. No specific orders were made for father but the department was permitted to give appropriate referrals.[3] Father timely appealed.

---

[3] At the hearing, children's counsel asked the court to make the jurisdictional findings and submitted on the disposition. Children's counsel has not filed a brief on appeal.

**DISCUSSION**

Father's principal contention on appeal is that there was insufficient evidence for the court's jurisdictional orders. He also contends that since the jurisdictional orders were legally insufficient, the disposition order was moot.[4] We review the trial court's orders under the substantial evidence test which does not allow us to reweigh the evidence or pass on credibility of witnesses, and requires us to draw all reasonable inferences in support of the juvenile court's order. (See *In re James R.* (2009) 176 Cal.App.4th 129, 134-135.)

Section 300, subdivision (a) allows the court to take jurisdiction if the child has suffered, or there is a substantial risk the child will suffer, serious physical harm inflicted nonaccidentally by a parent. Subdivision (b) is similar but the harm is the result of a parent's neglect or failure to adequately supervise the child. As to subdivision (a), which was based on the parties' domestic violence, father contends there was no evidence of domestic violence after the earlier dependency proceeding had been closed. The present referral was based on mother's drug use. Father's argument is based on an incomplete view of facts. Michael told the social worker on March 3, 2013 – after the current petition was filed – that father lived in the house, that Michael saw father almost every day, that he had seen father slap mother across the face and punch her, and that father pushed mother "all the time." Although the social worker had some concerns about Michael's concept of time, and both parents and the children's uncle denied domestic violence, these were matters for the trial court to resolve. It did so by expressly finding the alleged facts to be true.

The jurisdictional findings under section 300, subdivision (b) were based on (1) the domestic violence (petition, count b-1), (2) the mother's current and present use of marijuana and cocaine (count b-2), and (3) father's past use of cocaine and current use of marijuana (count b-3).

---

[4] Father acknowledges he was denied reunification services as part of the court's disposition orders but does not separately appeal on that ground.

5

As to the first count, father incorporates his subdivision (a) argument which we have rejected.

As to the second count, father points to the testimony that mother said she never used cocaine, her positive test was either because she took a Vicodin or because she was hanging around friends who laced a marijuana cigarette with "something." Again, father ignores contrary evidence. The evidence on which the juvenile court was entitled to rely was that mother tested positively for marijuana when M.B.1 was born. That M.B.1 did not have a positive toxicological screen was good for the entire family but it does not detract from mother's admitted marijuana use. Her positive cocaine test, purportedly explained by the parents as caused by Vicodin or a laced marijuana cigarette, was for the juvenile court to consider. It was free to discredit the vague and inconsistent explanations by mother and father. Given that father stated that mother became more aggressive when she was intoxicated, the trial court was entitled to conclude that there was a relationship between drug use and domestic violence, thus placing the children at risk of physical harm.

As to the third count – father's drug use – father argues that he never used cocaine and that his marijuana use was medically approved. Even assuming father's convictions for sales, possession and transportation of cocaine and other illegal substances were not sufficient to show he was a user of cocaine, or that such conduct placed the children at risk, his testimony about marijuana use is revealing. Father reported that in jail he was suffering from marijuana withdrawal and that without marijuana he could not sleep and became paranoid. There was no evidence that father ever participated in individual or drug counseling for these problems, notwithstanding the juvenile court's order for such programs, and its most recent suggestion that the department refer him to such programs. This evidence suggests that father has a current, unresolved problem with marijuana. Finally, we observe that even if father's drug use was inconclusive, jurisdiction was properly maintained under the other counts. (*In re Alexis H.* (2005) 132 Cal.App.4th 11, 16.)

6

Contrary to father's argument, as the jurisdiction orders were based on substantial evidence, the disposition orders that followed were not rendered moot. Since father offers no separate argument on the reasonableness of the disposition orders and because we find substantial evidence supports the juvenile court's disposition, we affirm. (*In re I.J.* (2013) 56 Cal.4th 766, 773.)

## DISPOSITION

The jurisdiction and disposition orders of May 21, 2013, are affirmed.


                                                    RUBIN, J.
WE CONCUR:


        BIGELOW, P. J.


        FLIER, J.


7