Filed 11/14/14  In re L.N. CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re L.N. et al., Persons Coming Under the Juvenile Court Law. | B254138 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LISA H.,<br><br>Defendant and Appellant. | (Los Angeles County Super. Ct. No. CK31209) |

APPEAL from orders of the Superior Court of Los Angeles County.  Rudolph Diaz, Judge.  Affirmed.

Joseph T. Tavano, under appointment by the Court of Appeal, for Defendant and Appellant.

John F. Krattli, County Counsel, Dawyn R. Harrison, Assistant County Counsel, and Melinda A. Green, Deputy County Counsel, for Plaintiff and Respondent.

\* \* \* \* \* \*

Mother Lisa H. appeals from the orders issued at the permanency planning hearing, held January 24, 2014, pursuant to Welfare and Institutions Code section 366.26.[1]  Mother did not object below, and does not argue here, that the juvenile court erred in ordering guardianship as the permanent plan, with maternal great-aunt as the legal guardian of her two minor daughters, nor does she challenge the juvenile court's termination of dependency jurisdiction.  Mother only argues the court erred in refusing to award her transportation assistance to effectuate that portion of the court's order that maintained her right to visitation.  We find no merit in mother's contention and therefore affirm.

## BACKGROUND

Because mother has not raised a substantial evidence question for review, we briefly summarize only those facts and procedural issues material to our discussion, as well as some additional facts for context.

In December 2011, the Los Angeles County Department of Children and Family Services filed a petition pursuant to section 300, subdivision (b) regarding mother's two minor daughters.  The girls were detained and placed in foster care.  Mother had a lengthy history with the Department and previously failed to reunify with three of her other children.  In early 2012, both girls were placed with maternal great-aunt, and thereafter were regularly reported by the social worker to be doing extremely well in their placement.

Mother was granted monitored visitation, with the Department given discretion to liberalize.  Mother did not comply with her case plan.  Mother was generally consistent in visiting, but the visits did not always go well.  Reunification services were terminated on March 6, 2013.

The section 366.26 hearing was originally scheduled for July 3, 2013.  Maternal great-aunt was willing to become a permanent legal guardian, but told the Department

---

[1]    All further undesignated section references are to the Welfare and Institutions Code.

2

she thought it would be better for mother if she did not adopt the girls. If granted a legal guardianship, maternal great-aunt expressed her willingness to allow mother to continue to visit. The section 366.26 hearing was continued to allow for consideration of the guardianship option and for preparation of the necessary paperwork.

On August 28, 2013, the court ordered legal guardianship as the permanent plan. The court ordered the Department to report on the possible closing of the dependency case with a Kin-GAP[2] legal guardianship.

On January 24, 2014, at the continued section 366.26 hearing, the court appointed maternal great-aunt as the legal guardian of both girls pursuant to a Kin-GAP legal guardianship. Letters of guardianship were signed and filed. The court ordered that mother was allowed visitation as "previously ordered."

During the hearing, counsel for mother asked the court to order the Department to provide transportation funds to mother so that she could visit. The court denied the request, stating it intended to terminate jurisdiction and could not issue an order that could not be enforced. The court terminated dependency jurisdiction.

This appeal followed.

## DISCUSSION

Preliminarily, we address the question of our jurisdiction to consider this appeal. Mother timely appealed from the order issued at the continued section 366.26 hearing held on January 24, 2014. There is no question a direct appeal lies from such an order. (§ 395; see also *In re S.B.* (2009) 46 Cal.4th 529, 531-532.) However, in briefing before this court, mother states she is *not* challenging the court's order appointing maternal great-aunt as legal guardian of the girls, nor the order terminating jurisdiction. Mother is *solely* contesting the juvenile court's denial of her request for transportation funds to visit

---

[2]    Kinship Guardianship Assistance Payment Program (Kin-GAP) (§ 11360). See also section 366.21, subdivision (j) ("If, at any hearing held pursuant to Section 366.26, a guardianship is established for the minor with an approved relative caregiver, and juvenile court dependency is subsequently dismissed, the minor shall be eligible for aid under the Kin-GAP Program").

3

the girls. Mother simply asserted, without authority, that the issue is appealable pursuant to section 395. The Department did not address the question of appealability at all.

While appellate jurisdiction to consider this issue is by no means clear, we have found no authority that makes it clear we lack jurisdiction to consider this narrowly drawn appeal. We therefore will exercise our discretion to construe the notice of appeal broadly and address the merits of mother's appeal. (See generally *In re Madison W.* (2006) 141 Cal.App.4th 1447, 1451 [construing parent's notice of appeal from order terminating parental rights liberally to encompass order denying parent's section 388 petition where such denial occurred within the 60 days prior to filing of the notice of appeal].)

Mother contends that notwithstanding the termination of dependency jurisdiction, the court still maintained jurisdiction of the girls as wards of the guardianship pursuant to section 366.3. That is true. However, mother then argues, without citation to authority, that the court's jurisdiction over the guardianship necessarily gives it the authority to order the Department to provide transportation funds *to mother*. We are not persuaded by mother's unsupported leap in logic.

Where, as here, the minor children are placed with a relative guardian, the juvenile court "shall" terminate dependency jurisdiction, unless the guardian objects or exceptional circumstances are present (neither occurred here). (§ 366.3.) The juvenile court then "retains jurisdiction *over the child* as a ward of the court . . . *but it no longer holds ongoing review hearings.*" (*In re Kenneth S., Jr.* (2008) 169 Cal.App.4th 1353, 1358, italics added; see also § 366.4.)

Under the retained jurisdiction related to the guardianship, "any motions relating to that guardianship may properly be filed in the juvenile court." (*In re D.R.* (2007) 155 Cal.App.4th 480, 486-487; see also Cal. Rules of Court, rule 5.740(c) ["A petition to terminate a guardianship established by the juvenile court, to appoint a successor guardian, or to modify or supplement orders concerning the guardianship must be filed in juvenile court."]; cf. *In re Twighla T.* (1992) 4 Cal.App.4th 799, 806 [affirming juvenile court's order terminating dependency jurisdiction because record showed guardian

4

exhibited cooperative attitude toward visitation by parent and if problems developed, parent had access to juvenile court based on its retained jurisdiction over guardianship].)

In enacting legislation establishing Kin-GAP legal guardianships, the Legislature sought to "enhance family preservation and stability" and to save money by reducing "continued governmental intervention" by the courts and social service agencies. (§ 11361.) In light of these salient goals, mother provides no persuasive argument for the court's authority to order the Department, *after* termination of dependency jurisdiction and the court's regular supervision, to provide transportation funds to mother. The time period for mother to seek reunification services, including transportation assistance, has long since terminated.[3]

Mother has failed to cite any authority or argument supporting the juvenile court's jurisdiction to order transportation funds to mother following the court's termination of dependency jurisdiction and institution of a legal guardianship in a Kin-GAP proceeding over both minor girls as the permanent plan. Mother has failed to affirmatively show any error.

## DISPOSITION

The juvenile court's orders of January 24, 2014, are affirmed.

GRIMES, J.

We concur:

RUBIN, Acting P. J.

FLIER, J.

---

[3]    The court's authority under section 366.3 to order services *to the legal guardian*, under certain limited circumstances, is not applicable here. (See, e.g., *In re Z.C.* (2009) 178 Cal.App.4th 1271.)

5