Filed 6/28/24  In re X.F. CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re X.F., A Person Coming Under the Juvenile Court Law. | B329079 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>J.V.,<br><br>Defendant and Appellant. | Los Angeles County Super. Ct. No. 20CCJP03927A |

APPEAL from orders of the Superior Court of Los Angeles County, Marguerite Downing, Judge. Affirmed.

Liana Serobian, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, Kelly G. Emling, Deputy County Counsel, for Plaintiff and Respondent.

## INTRODUCTION

J.V. (mother) appeals from orders issued at the conclusion of juvenile dependency proceedings regarding her child X.F. (born 2017). In April 2023, the juvenile court terminated jurisdiction after a combined hearing under Welfare and Institutions Code sections 364 and 388.[1] The court ordered that A.F. (father) have legal and physical custody over X.F. and mother have monitored visitation. The court also issued a permanent restraining order protecting father, X.F., and G.N. (father's companion) from mother. The record shows mother did not complete her court ordered programs; violated the court's visitation orders; communicated with father and G.N. in a threatening and hostile manner; and acted inappropriately in front of X.F., resulting in X.F. experiencing emotional distress.

On appeal, mother raises the following arguments: (1) the court's order granting father sole legal and physical custody was an abuse of discretion because it was unsupported by substantial evidence; (2) the court's order requiring mother's visits to be monitored was an abuse of discretion; and (3) the permanent restraining order must be reversed because it is unsupported by substantial evidence. We affirm.

We resolve this case by memorandum opinion. (Cal. Stds. Jud. Admin., § 8.1.) The parties are familiar with the facts and procedural history of the case, so we do not fully restate those

---

1     All undesignated statutory references are to the Welfare and Institutions Code.

    The Los Angeles County Department of Children and Family Services had filed a section 388 petition requesting the juvenile court revert mother's visitation from unmonitored to monitored.

details here. (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851 [unpublished opinion merely reviewing correctness of juvenile court's decision "does not merit extensive factual or legal statement"].) Instead, in the Discussion, *post*, we discuss the facts and procedural background as needed to provide context for and resolve the issues presented in this appeal.

## DISCUSSION

### I. The order granting father sole legal and physical custody of X.F. was not an abuse of discretion

#### A. Legal Principles

Section 362.4 governs the termination of juvenile court jurisdiction and related orders. The statute authorizes a juvenile court to make "exit orders" regarding custody and visitation upon terminating dependency jurisdiction over a child. (See § 362.4, subd. (a); *In re Chantal S.* (1996) 13 Cal.4th 196, 202-203; *In re Kenneth S., Jr.* (2008) 169 Cal.App.4th 1353, 1358.) These exit orders remain in effect until modified or terminated by a subsequent order of the superior court. (§ 362.4, subd. (b); see also Cal. Rules of Court, rule 5.700.)

"[I]n making exit orders, the juvenile court must look at the best interests of the child." (*In re John W.* (1996) 41 Cal.App.4th 961, 973.) The court must be guided by the totality of the circumstances in issuing orders that are in the child's best interests. (*In re Chantal S.*, *supra*, 13 Cal.4th at p. 201; *In re Roger S.* (1992) 4 Cal.App.4th 25, 30-31.) Because juvenile dependency proceedings arise when children are subject to or at risk of abuse or neglect, "'[t]he presumption of parental fitness that underlies custody law in the family court just does not apply. Rather the juvenile court, which has been intimately

3

involved in the protection of the child, is best situated to make custody determinations based on the best interests of the child without any preferences or presumptions.'" (*In re Chantal S.*, *supra*, at p. 206, italics omitted.)

"[T]he juvenile court has broad discretion to make custody [and visitation] orders when it terminates jurisdiction in a dependency case (§ 362.4)." (*In re Nicholas H.* (2003) 112 Cal.App.4th 251, 265, fn. 4.) We review the juvenile court's exit orders for abuse of that discretion. (See, e.g., *In re Maya L.* (2014) 232 Cal.App.4th 81, 102.) We will not disturb the juvenile court's decision ""'unless the trial court has exceeded the limits of legal discretion by making an arbitrary, capricious, or patently absurd determination.'"" (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318.)

### B. Analysis

We are unpersuaded by mother's argument that the juvenile court's order granting father sole physical and legal custody of X.F. was an abuse of discretion. Contrary to mother's assertion, the custody order is supported by substantial evidence. The record reflects the following. Mother did not complete her case plan. She also did not follow the visitation schedule set by the court, sent hostile, threatening text messages to father, and was verbally aggressive in X.F.'s presence. X.F. stated he felt upset hearing his mother call his father "stupid" repeatedly. Mother denied sending the threatening texts and did not take responsibility for her other harmful behavior. During this period, mother was kicked out of her domestic violence support group for not following the program rules. Mother also made comments indicating she did not understand why she needed to participate in any domestic violence classes.

4

In issuing the custody order, the juvenile court noted its view that mother's behavior was "completely inappropriate," "continue[d] to be problematic," and took an "emotional toll" on X.F. Given the facts presented, we conclude the court was reasonably acting in X.F.'s best interest in granting father sole physical and legal custody, and accordingly, we conclude the custody order was not an abuse of discretion.

## II. The order requiring that mother's visits with X.F. be monitored was not an abuse of discretion

Nor are we persuaded by mother's argument that the exit order requiring her visits to be monitored was an abuse of discretion. For the same reasons discussed above in regards to the court's custody order, it was not arbitrary nor irrational for the juvenile court to conclude requiring mother's visits to be monitored was in X.F.'s best interest.

## III. Mother's other argument that the visitation order was improper

Mother also argues the visitation order was improper because it did not specify the minimum frequency and duration of the visits, instead impermissibly delegating all visitation authority to father. Respondent counters that the visitation order *did* specify the frequency and duration of visits. Respondent is correct. We granted Respondent's request for judicial notice of the juvenile court's orders not originally contained in the record. Having granted Respondent's motion, the record now contains visitation order form JV-205, which specifies mother will have monitored visits with X.F. "in a neutral setting, 3 times a week for 4 hours per visit." We therefore reject mother's argument that

the visitation order improperly failed to specify the frequency and duration of her monitored visits with X.F.[2]

## IV. Mother's challenge to the restraining order

Mother lastly argues the restraining order the juvenile court imposed is unsupported by substantial evidence. Respondent does not take a position on whether the restraining order is supported by substantial evidence. We therefore conduct our own review to determine whether mother has met her burden of showing error. (See, e.g., *In re Marriage of F.M. & M.M.* (2021) 65 Cal.App.5th 106, 110, fn. 1.) Having reviewed the record, we conclude the restraining order is supported by substantial evidence, and thus was not improper.

Under section 213.5, subdivision (a), the juvenile court may issue an order "enjoining any person from . . . contacting[ ] . . . or disturbing the peace of the child . . . . [or] contacting[ ] . . . or disturbing the peace of any parent, legal guardian, or current caretaker of the child[.]" "Monitored visitation of a child is not incompatible with a restraining order." (*In re N.L.* (2015) 236 Cal.App.4th 1460, 1466.) Courts have applied both substantial evidence and abuse of discretion standards of review when deciding whether the issuance of a restraining order was an abuse of discretion, though the practical differences between the two standards within this context are not significant. (*Id.* at pp. 1465-1466.) In other words, a restraining order unsupported by substantial evidence inherently constitutes an abuse of

---

2      Mother did not file a reply brief and therefore does not dispute Respondent's contentions that the specifications of the monitored visitation order contained in form JV-205 were proper.

discretion, as an order not reasonably supported by any evidence is by definition arbitrary and irrational.

Using form JV-255, the juvenile court issued a restraining order protecting father, father's companion, and X.F. from mother. The restraining order will expire on April 27, 2026, three years after its issuance. The order prohibits mother from abusing father, his companion, and X.F., and defines the prohibited abusive behavior in various ways, including harassment, annoying by phone or electronic means, and disturbing the peace of the protected individuals. It notes the juvenile court has ordered monitored visitation between mother and X.F. The order also prohibits mother from having contact with the protected individuals, with the exception that mother may have brief and peaceful contact with father only to communicate about X.F. for court-ordered visits. It additionally requires mother to stay away from X.F. and his school, as well as father, father's home, his workplace, and his car. And it states: "If an officer has probable cause to believe that the restrained person had notice of the order and has disobeyed the order, the officer must arrest the restrained person."

As mentioned above, mother sent father and G.N. hostile, threatening, harassing text messages. Although we need not repeat the content of all these texts, we note that they included death threats. Mother denied sending the threatening texts and did not take responsibility for her actions. Additionally, as noted above, X.F. stated he felt upset because he heard his mother repeatedly call his father "stupid," indicating mother's interactions with X.F. were causing him emotional distress. Based on these facts, it was reasonable for the juvenile court to conclude the restraining order was in X.F.'s best interest, and to

7

issue the order to protect father, G.N., and X.F. in a manner that prevented mother from harassing them or contacting them outside the context of court-ordered monitored visitation.

## DISPOSITION

The juvenile court's exit orders, restraining order, and order terminating jurisdiction are affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


CURREY, P. J.

We concur:



COLLINS, J.



MORI, J.

8