Filed 1/2/25  In re A.T. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re A.T. et al., Persons Coming Under the Juvenile Court Law. | B334110 (Los Angeles County Super. Ct. No. 22CCJP03967C–D) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. A.T., Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Lisa A. Brackelmanns, Judge Pro Tempore. Affirmed.

Liana Serobian, under appointment by the Court of Appeal, for Defendant and Appellant.

Richard B. Lennon and Nicole Kronberg, under appointment by the Court of Appeal, for Respondent D.F.

Dawyn R. Harrison, County Counsel, Peter Ferrera, Principal County Counsel, for Plaintiff and Respondent.

_____

## I. INTRODUCTION

Father A.T. (father) appeals from the juvenile court's entry of a Welfare and Institutions Code[1] section 362.4 custody order, which granted him and mother D.F. (mother) joint legal and physical custody over the children A.T. (born in 2019) and N.F. (born in 2020). Father argues that the order, which required that father's older child A.T.III, who had sexually abused the children's half siblings, not be present during father's custodial time, violated father's constitutional rights. Father also contends the order, which required that the parents arrange for custodial time, unlawfully delegated authority to mother to determine his custody time. We affirm.

---

[1] Further statutory references are to the Welfare and Institutions Code.

## II.    BACKGROUND

A.    *Prior Appeal*

The children and A.T.III were the subjects of a prior appeal, *In re A.T.III et al.* (July 23, 2024, B330055, B330061) [nonpub. opn.].)  We recite the relevant facts here.[2]

On February 9, 2023, the Los Angeles County Department of Children and Family Services (Department) filed an amended dependency petition, alleging in counts b-4, d-3, and j-4 that father failed to protect A.T. and N.F. and created a detrimental home environment by allowing A.T.III to stay in the home and giving him unlimited access to the two younger children, even though father knew that A.T.III had sexually abused the children's half siblings A.F. (born in 2009) and O.F. (born in 2011).

On June 14, 2023, the juvenile court sustained the counts against father, released the children to the parents, and ordered that A.T.III have no unmonitored contact with the children.  We affirmed the orders on appeal.  (*In re A.T.III et al., supra*, B330055, B330061.)

---

[2]    Father requested judicial notice of the prior record in appeal Nos. B330055 and B330061, which we granted.  Father also requests judicial notice of the record in appeal No. B335027, concerning A.T.III and juvenile court proceedings occurring after the events referenced in appeal Nos. B330055 and B330061.  We deny that request.

3

B.    *Current Appeal*

On December 6, 2023, the Department filed a section 364 report, recommending that jurisdiction be terminated and that the parents be granted joint legal and physical custody with mother's home designated as the primary residence.  In the report, the Department indicated that the children stayed with father on Sundays and Mondays, but otherwise lived with mother.

On December 13, 2023, the juvenile court held the section 364 hearing regarding the children and their half-siblings.  At that hearing, minors' counsel requested that A.T.III not be present when A.T. and N.F. were in father's custody.  Z.R., father of the half-siblings, requested that the court order "the parents to arrange for custodial time."  The court responded, "All right. That should be added."

Father submitted evidence that he had been enrolled in a sexual abuse awareness program since September 5, 2023, and had completed 12 sessions as of December 2023.  Father objected to any order that A.T.III not be present during father's custodial time, arguing that unsupervised contact between A.T.III and the children was appropriate in light of father's participation in the sexual abuse awareness program.  In father's view, he had "gained the tools so that he can protect the minors from any possible sexual abuse."  In the alternative, father requested an order that A.T.III be present, but supervised, during father's custodial time with the children.

Following argument by the parties, the juvenile court ordered that jurisdiction over A.T. and N.F. be terminated upon issuance of the custody order, and adopted the recommendations

4

made by the Department, with a modification that father not allow A.T.III to be present during father's custodial time. Father also requested that he be awarded joint legal and physical custody and that there be no primary custody designation for the children.

On December 20, 2023, the juvenile court issued the custody order granting the parents joint legal and physical custody. As relevant here, the court also ordered the following: "1. Parents are to arrange custodial time," and "2. [A.T.III], minors' half-sibling, is not to be present during Father's custodial time." Father timely appealed.

## III. DISCUSSION

A. *Legal Principles*

"Section 362.4 governs the termination of juvenile court jurisdiction and related orders. The statute authorizes a juvenile court to make 'exit orders' regarding custody and visitation upon terminating dependency jurisdiction over a child. (See § 362.4, subd. (a); *In re Chantal S.* (1996) 13 Cal.4th 196, 203; *In re Kenneth S., Jr.* (2008) 169 Cal.App.4th 1353, 1358.) These exit orders remain in effect until modified or terminated by a subsequent order of the superior court. (§ 362.4, subd. (b); see also Cal. Rules of Court, rule 5.700.)

"'[I]n making exit orders, the juvenile court must look at the best interests of the child.' (*In re John W.* (1996) 41 Cal.App.4th 961, 973; see also *In re T.S.* (2020) 52 Cal.App.5th 503, 513 (*T.S.*) ['When making a custody determination under section 362.4, "the court's focus and primary consideration must

5

always be the best interests of the child[ ]”], quoting *In re Nicholas H.* (2003) 112 Cal.App.4th 251, 268 (*Nicholas H.*).) The court must be guided by the totality of the circumstances and issue orders that are in the child's best interests. (*In re Chantal S., supra*, 13 Cal.4th at p. 201; *In re Roger S.* (1992) 4 Cal.App.4th 25, 30–31.) Because juvenile dependency proceedings arise when children are subject to or at risk of abuse or neglect, ‘[t]he presumption of parental fitness that underlies custody law in the family court just does not apply. . . . Rather the juvenile court, which has been intimately involved in the protection of the child, is best situated to make custody determinations based on the best interests of the child without any preferences or presumptions.’ (*In re Jennifer R.* (1993) 14 Cal.App.4th 704, 712 (*Jennifer R.*); accord, [*In re*] *Chantal S., supra*, 13 Cal.4th at p. 206.)

“‘[T]he juvenile court has broad discretion to make custody [and visitation] orders when it terminates jurisdiction in a dependency case (§ 362.4).’ (*Nicholas H., supra*, 112 Cal.App.4th at p. 265, fn. 4.) We review the juvenile court's exit orders for an abuse of that discretion. (See, e.g., *In re Maya L.* (2014) 232 Cal.App.4th 81, 102; *Jennifer R., supra*, 14 Cal.App.4th at p. 711; see also *In re Stephanie M.* (1994) 7 Cal.4th 295, 318.)” (*In re J.M.* (2023) 89 Cal.App.5th 95, 112–113.)

6

B.  *Analysis*

1.   Restriction on A.T.III's Presence During Children's Custody Time with Father

Father contends that the custody order violates his rights to free association and familial association under the First and Fourteenth Amendments to the United States Constitution because it prevents him from having all three of his children present during his custody time.  Father cites no legal authority for his contention.

"'Appellate briefs must provide argument and legal authority for the positions taken. "When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived."' [Citation.]  'We are not bound to develop appellants' argument for them.  [Citation.]  The absence of cogent legal argument or citation to authority allows this court to treat the contention as waived.'  [Citations.]" (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956.)  Accordingly, we could reject father's argument based on forfeiture grounds.  Here, we also reject the argument on its merits.  The custody order does not impermissibly burden father's right to associate with each of the three children.  (See § 300.2 [purpose of juvenile court law is to protect the safety and well-being of a child whose parents either cannot or will not do so, or who themselves pose threat to the child]; *In re J.M.*, *supra*, 89 Cal.App.5th at p. 112 ["'the juvenile court, which has been intimately involved in the protection of the child, is best situated to make custody determinations based on the best interests of the child without

7

any preferences or presumptions'"]; *In re T.S.* (2020) 52 Cal.App.5th 503, 513 ["When making a custody determination under section 362.4, 'the court's focus and primary consideration must always be the best interests of the child'"].)

To the extent that father's statement, that "it [was] not in the children's best interests to have no contact with their half-brother during their minority," can be construed as an argument that the court abused its discretion in requiring that A.T.III not be present during father's custody time with the children, we reject it. As we explained in our earlier opinion affirming the court's jurisdictional orders, "the record supports a finding that [A.T.III's] abuse of [the children's half siblings] was severe, involving multiple acts of abuse, digital penetration, and sodomy." (*In re A.T.III et al., supra*, B330055, B330061.) There was substantial evidence that father knew or should have known of the abuse, yet denied the abuse throughout the juvenile court proceedings and continued to maintain that it was in the children's best interest to let A.T.III have unsupervised contact with them. On this record, the order requiring that A.T.III not be present during father's custodial time with the children was well within the court's exercise of discretion.

2.    Order Requiring Parents to Arrange Custodial Time

Father next contends that the portion of the exit order providing that "[p]arents are to arrange custodial time" was "an unenforceable order in that father would have no way to complain[ ] to law enforcement if mother did not release the children to him on certain days" and "also improperly delegated

8

authority over father's custodial time to mother." We disagree with both contentions.

If father's first contention is a complaint that the juvenile court should have designated fixed days and times for custody, father did not request that the court set such a schedule.[3] He has therefore forfeited such an argument on appeal. (*In re S.B.* (2004) 32 Cal.4th 1287, 1294.) If, instead, father complains that he has no legal remedy in the event mother interferes with his exercise of his custodial time, we disagree. Exit orders are subject to modification. (See *Heidi S. v. David H.* (2016) 1 Cal.App.5th 1150, 1163 [citing § 302, subd. (d); family court may modify juvenile court's exit order if it finds "'there has been a significant change of circumstances since the juvenile court issued the order and modification of the order is in the best interests of the child'"].)

We also disagree with father's contention that the order that the "[p]arents are to arrange custodial time" delegated the setting of father's custodial time to mother. We do not interpret the court's order as permitting mother to set any such time. Rather, we interpret "arrange" in its ordinary meaning as requiring the parents "to make preparations" (Merriam-Webster's Online Dict. <https://www.merriam-webster.com/dictionary/arrange> [as of Dec. 30, 2024], archived at <https://perma.cc/J72R-Y9XG>) for custodial time. Father's citation to *In re T.H.* (2010) 190 Cal.App.4th 1119 is inapposite. There, "the [juvenile] court terminated jurisdiction and granted joint legal custody to mother and father with physical custody to

---

[3]     Father's counsel objected to mother's home being the primary residence of the two children, an issue which father does not challenge on appeal.

mother." (*Id.* at p. 1122.) The court granted father supervised visitation rights, but ordered that such visitation was "to be *determined* by the parents." (*Ibid.*, italics added.) The Court of Appeal found reversible error, finding that the trial court "abused its discretion by framing its order in a way that gave mother an effective veto power over that [visitation] right." (*Id.* at pp. 1123–1124.) Here, however, the juvenile court awarded father joint physical custody, under which he was entitled to "significant periods of physical custody." (Fam. Code, § 3004.) He is therefore not subject to or limited by a visitation order. Indeed, prior to entry of the exit order, father and mother had arranged for custodial time, with father having parenting time on Sundays and Mondays, and mother having parenting time on the remaining days of the week. There is no evidence in the record that the parents cannot continue to arrange custodial time together. (Cf. *In re T.H., supra*, 190 Cal.App.4th at pp. 1123–1124 [mother and father did not get along, and mother wanted father to have no visitation].)

## IV.    DISPOSITION

The custody order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


                                        KIM (D.), J.



I concur:



        MOOR, J.



11

In re A.T. et al.
B334110


BAKER, Acting P. J., Concurring in Part and Dissenting in Part


I agree the juvenile court did not err when including in its custody order a condition that A.T. and N.F.'s half-sibling is not to be present during the father's custodial time. I disagree, however, that the custody order's terse language ("[p]arents are to arrange custodial time") suffices to avoid an impermissible delegation of judicial authority. (*In re T.H.* (2010) 190 Cal.App.4th 1119, 1123; see also *In re Kyle E.* (2010) 185 Cal.App.4th 1130, 1136; *In re Jennifer G.* (1990) 221 Cal.App.3d 752, 757.)


BAKER, Acting P. J.